and we're now ready for case number four US versus James Morgan You may proceed. May it please the court. Jonathan Greenberg associate fellow defender on behalf of James Morgan. The primary issue before the court is whether the district court erred in concluding that rule 41b3 authorized the extra district warrant in search of Mr. Morgan's trailer in Janesville. That issue has multiple moving parts but a threshold question is whether the exclusionary rule even applies to this sort of violation. It's a threshold question because if it doesn't apply it doesn't matter whether or not there was error and we don't even need to get to the question of good faith. In the government's notice filed on Monday it has conceded that rule 41b is a substantive not a procedural provision but I've conferred with opposing counsel and they maintain their position that the exclusionary rule does not apply to these sorts of violations so we do need to dig in and I understand the government's position. If you read decisions such as Caceres Olivas this court has stated violations of the federal rules do not justify the exclusion of evidence and ordinarily that's true. There is no constitutional right to the warrants prompt return so that sort of error cannot trigger exclusion but a violation of rule 41b is quite different. A violation of that rule is not just a rules violation it is a statutory violation and a constitutional violation. This issue has been addressed at length by the third circuit in cases like Verdeen by the Third Circuit or Taylor by the 11th. It's a constitutional violation because it divests the magistrate judge of jurisdiction and under the original order the ordinary meaning of the Fourth Amendment a warrant issued without jurisdiction is void and thus it fails to satisfy the dictates of the Fourth Amendment. So for that reason the government is wrong that the exclusionary rule does not apply. I think that's implicit in this court's subsequent decisions like Canask, Grisnadi, Doroshev weren't held that for this sort of error we assume that the good faith rule exception would apply but you don't get to good faith unless the exclusionary rule does apply. So I think some clarification of the court's precedent would be helpful to avoid these sorts of confusion in the future. To get to the merits, the parties agree about the operation of rule 41b-3. In a domestic terrorism investigation the magistrate judge can issue an extra district warrant but federal courts have an obligation to assure themselves of their jurisdiction and there has to be reason to believe that domestic That is not a substantive criminal offense but it lays out what makes something domestic terrorism and 5a I guess you can analogize to the actus reas, a legal activity that pose a threat to life and subsection 5b would be the mens rea, actions committed with the intent to either intimidate or coerce civilians or the government. And the fundamental problem here was there was no nexus between Morgan's activities and the intent prescribed by 5b-1-3. That nexus requirement is implicit in the structure of the statute itself. The five provisions are linked by the term and in this case and means and and it's also you're also talking about the probable cause standard here so do you really think you can't link the two when he's talking about violence being the answer? That seems to me to be perhaps an argument for trial but we're talking about probable cause here. And in full candor to the court we have litigated under the reason to suspect standard which is probably even lower than probable cause but I understand the point. I don't think that's quite enough. I don't think that gets you to nexus because his statements are untethered from his activities. I think it's useful to illustrate that with an example. Imagine if you have somebody who is just a vanilla felon in possession 922 g1 violation. I think that might satisfy 5a. That is arguably an activity dangerous to life. The felonies possession of firearms is dangerous. And imagine if that person is very bigoted whether we're talking about anti-semi, a racist, a nativist or what have you. If there is no nexus between those bigoted beliefs and the activity that is not domestic terrorism. There are in the context of the guidelines cases upholding the terrorism enhancement where somebody was convicted of 922 g1 and they possessed the illegal firearm with the intent to harm minorities. That would meet the elements of domestic terrorism and you don't have that here because there were certainly many many extremely deplorable things said by Mr. Morgan. At no point in this Have we ever condoned or justified the things that he said? We've got Mr. Morgan's anti-government and anti-minority rhetoric on the one hand and on the other hand a growing cache of weapons. Many of which look more like offensive weapons or weapons of war rather than weapons of self-defense. But I take it your position is that he has to in some way declare his intent to use the weapons offensively before one can reasonably infer that he might? I wouldn't go that far. That seems to be a smoking gun argument and smoking gun is not a component of either probable cause or reasonable suspicion determinations. It is a totality but there has to be something that gives reason to believe his illegal activities have the prescribed intent by 5b2 which was the intent from the district court relied on. And what the court relied on was the militia posts and comments about the government but that was untethered from his activities. There was no indication that he was going to use the illegal weapons for those prescribed purposes. What you have is admittedly alarming rhetoric consistent with what you would find on the militia fringe of the dangerous activities and weapons. When we're looking at the question of venue are we looking at probable cause as the standard or reasonable? That is a very difficult question. If you look at the iPhone case the only persuasive authority on rule 41b3 they apply a basically a reasonable suspicion standard but they get there based on DC substantive. But this court in Burkos has held that it's substantive. I don't know what to make of that. I made the choice to litigate this under the reasonable suspicion standard. I did so because venue is fundamentally different than the elements of a crime. This is a little bit getting off track but in the context of a trial if they fail to meet the elements of the offense that is a judgment of acquittal. The case is over. But in Smith two years ago the Supreme Court held that if a person is tried in violation of the venue provision they can be retried without offending double jeopardy. And I think given the difference between the elements of an offense and venue and given that the venue provisions of 41b, 41b they're the creation of rule not statute. I do think the lower standard of reasonable suspicion applies. With that said if the court disagrees I've most certainly waived the argument. I've waived my right to argue it should be probable cause. So if the court has lingering concerns I think the way to address that would be in the opinion to say we assume without deciding that this is the standard we infer another day a party if they wish to raise the issue of probable cause. I see. You know you went to. So I do have one more question. Yes Your Honor. Because you emphasize that he had a fundamental right of self-defense. But is there a point at which the government can be legitimately concerned that if it ever has to visit Mr. Morgan and search his property that he's going to be charged with a crime. Would they not be confronted with flamethrowers acid sprayers. You know God only knows what. I certainly understand the court's concern. And I think one of the more alarming pieces of evidence in the warrant application was his statement about the agents and chlorine gas. And in a vacuum that is truly horrible. But that is when you look at it in the broader scope there is an American tradition of come and take Mr. Morgan's post about the gas. Was that if they come for the guns guns that he lawfully owned as at that point in his life a non felon I would take action. And I I would never say something like that. But there is a tradition in this country of such sentiments. And while I do think there is a point where the line is crossed because he his triggering position was the violation of his constitutional rights. I don't think the line was crossed here. I'm well into my rebuttal. So I will reserve the remainder of the court my time and will support any further questions. Thank you counsel. Thank you. Good morning. May it please the court. My name is Meredith Dushman and I do represent the United States. The district court did not error when it denied the defendant's motion to suppress the search warrant and none of the factual findings by the district court were determined to be true. Clearly erroneous. I do want to take issue with the defendant's argument on the exclusionary rule and the good faith concept. But I think I would be remiss in not noting first that I don't think the court needs to get there because in this case there was no rule 41 error. We have a neutral and detached magistrate. We have a warrant that everybody agrees was supported by probable cause. Do we know why the agent pursued this? Your Honor, from a pragmatic standpoint, the agent was a Milwaukee JTTF, Joint Terrorism Task Force agent. The AUSA was coordinating the case, was in Milwaukee in the Eastern District. And the prior search warrant that they had done for the defendants Google and Gab accounts was in the Eastern District. And so I think that they felt like they were well within their purview to go back to that same district. And in fact, when we look at this provision of Rule 41, it was a Patriot Act provision. And actually, the One Apple case has some sort of legislative history about it. And it talks about that Congress was very well aware that they created this so that there would be greater expediency in getting search warrants in terrorism cases. And they also viewed it as a way to protect a defendant's rights as well because one judge would hear everything in the case. And that made sense from a procedural standpoint and a substantive standpoint. So the warrant was issued by a neutrally detached magistrate. It was supported by probable cause. The search warrant affidavit established a reason to believe that the warrant was being sought in an investigation of domestic terrorism. So therefore, the issuing judge had venue. When we're looking at the question of domestic terrorism, what gets you there? Pardon me? What gets you to the point of accepting that this warrant was addressing a component or an aspect of domestic terrorism? Well, Your Honor, so there's no definition for investigation of domestic terrorism in Rule 41. But taking a look at the actual definition of domestic terrorism, there are essentially three criteria. The defendant concedes that the first criteria is met, that there was reason to believe that the crimes that were being investigated were acts dangerous to human life. Indeed, possessing live pipe bombs and chemical weapons are, of course, dangerous to human life. And the defendant concedes that that third criteria was met, that the criminal acts occurred primarily within the United States. What the defendant challenges is the district court's finding that the affidavit established a reason to believe that the defendant's actions appeared to be intended to influence the policy of a government by intimidation or coercion. And that is 41B3B2. So that's one of three possible criterias that the government can meet. And contrary to the defense's position, I think the district court said it best when the district court said plainly, the nexus is there. The district court did find reason to believe that the investigation involved activities that appeared to be intended to influence the policy of a government by intimidation or coercion. And some of the examples are putting out a call to arms, saying that he's forming his own militia, asking people to dust off their guns and join him. That's in the same post where he's criticizing education and tax policy of the United States. And that's included in the affidavit? It is, Your Honor. Okay. Another one would be his suggestion. Judge Wovner, go ahead. Pardon me? I'd better let her finish. No, I'm sorry, Judge. Go ahead. I didn't mean to interrupt you. Well, I interrupted you, so just finish your thought. Okay. And then another one would be where he said it should be legal to kill an illegal alien. And then the other one, which Defense has already touched on, and frankly, I think this one post covers all three categories of the possible criteria for domestic terrorism. But it's the post about producing a huge amount of chlorine gas, mixing it with hydrochloric acid to kill 20 agents with the purpose being not only to kill them or to assassinate them, but to make the other agents scared of him. And indeed, they were scared of him. They were cautious of him. They issued way back in 2020 an all-state alert saying, look, we don't think he's necessarily an imminent threat right now. But we're already at this position where we're starting to get worried that if first responders or if anybody were to come in contact with him, he could respond violently. So, frankly, his posts worked. He did intimidate them. The court already mentioned. Oh, is this a good time, Judge, to answer your question? Well, just to say you just answered one of my questions. Oh, okay. So I think the court already touched on this, but defeating and killing large numbers of government agents with illegal chemical weapons is just not a colorable argument to say that the evidence showed he was just trying to defend himself. As I said, the district court made a determination specifically on 41B3B2. The government argued throughout this case and on appeal that actually the court could have also found that the defendant's intent was to intimidate or coerce a civilian population under sub-1 or to affect the conduct of a government by mass destruction, assassination, or kidnapping, which is sub-3. The government only has to prove one. We think the warrant established all three. And the best example of sub-1 intimidating or coercing a civilian population is when he's manufacturing chemical weapons, he's broadcasting it on videos, some of which were private, but some of them were public posts. And he's showing how he has the capacity to kill people and injure people and his desire and his willingness to use these weapons. And he's also posting about how he wants to- Now, the public posts, they were also included in the warrant, correct? All of that was included in the warrant. Yes, Your Honor. And in fact, the court has two really good resources in this case. One of them, the government actually included the complete search warrant in its brief. It's in our supplemental appendix. And that's nice because it has all the photos and stuff, and it's exactly what the magistrate judge in the Eastern District saw. But one of the great things that Judge Crocker also did in the case, the magistrate judge in the Western District, is in response to the defendant's arguments that, hey, you left some stuff out of the warrant, what the court did was reorder everything in chronological order, all the facts that were in the affidavit. And then the court actually inserted facts that the defendant complained were not in there, looked at all of them, and still made the determination that notwithstanding those facts, defendant complained weren't in there, that the probable cause was still there, as was venue. What could be the government's best definition of domestic terrorism that would have qualified? You mean the best example of him meeting the definition? Yes. What is the definition? Yeah, the definition is the one that is in 18 United States Code section 2331. Yes. So that full definition with those three criteria. The best example, I think, of the provision the defendant challenges that says we didn't meet, I think the best example is the putting out a call to arms. OK. Because he's tying that directly to wanting to change tax policy and education policy. I think that that's the cleanest example. There are, I think, a number of them, but that's the best one. Thank you. The only other thing I guess I will mention, defense counsel in the court had a discussion about whether or not Rule 41 was substantive or procedural. I just want to say that it really doesn't, it's really not determinative for these purposes as to what the standard or proof is for venue or whether or not there was good faith. In fact, in Burkos, the case where the court said it was substantive, that the Rule 41 requirements were substantive, this court also held that allowing a defendant to go free based on a violation of Rule 41's requirements would be wildly out of proportion to the wrong. And so the court has said that it's not correct that if there's a Rule 41 violation that the warrant is just automatically void. So the exclusionary rule can be used when there's bad faith, but there wasn't bad faith here. And so as the court found, there was good faith on the part of the agent, even if there was a violation. But again, we don't believe that there was a violation to begin with. Unless the court has any other questions. Oh, I do have one, just one more thing I want to say, Your Honor. The court, the district court actually did go beyond the reason to believe standard and said, even if it was a probable cause standard, I believe that that standard was met. Thank you, counsel. Thank you. Rebuttal. Your Honor, just two brief points regarding the issue of the applicability of the exclusionary rule to Rule 41B. The wildly out of proportion language makes sense if you're talking about a technical violation, something beyond the dictates of the Fourth Amendment. But as we've laid out in the briefs and in the earlier portion of this argument, this is a constitutional violation. It is fundamentally very different than a tiny, technical, minor procedural violation. As for the timing issue that the government alluded to, this rule was created in the name of expediency. I think it's worth noting that they had been investigating Mr. Morgan since 2019. The worst evidence the government has comes from a 2019 Facebook post. Even the follow-up investigation got all those posts in May of 2023, and then they execute in December. It does take a lot of the wind out of the sails that this was a time-sensitive matter that had to be immediately dealt with with an extra district warrant. I see my time is up. I respectfully ask the court to reverse. Thank you, counsel.